**NORTHERN PLAINS RESOURCE COUNCIL, INC. Plaintiff— Appellant,**

v.

**UNITED STATES BUREAU OF LAND MANAGEMENT, et al., Defendants— Appellees.**

**No. 04–35002.**

**D.C. No. CV–01–00096–JDS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Decided Aug. 26, 2004.

Douglas L. Honnold, Esq., Earthjustice Legal Defense Fund, Bozeman, MT, Jack R. Tuholske, Esq., Missoula, MT, Michael Reisner, Esq., Northern Plains Resource Council, Billings, MT, for Plaintiff–Appellant.

Thomas Sansonetti, Asst. Aty. Gen., Sylvia Quast, Esq., Andrew Mergen, Esq., U.S. Department of Justice, Washington, DC, William W. Mercer, Esq., Lorraine D. Gallinger, Esq., USBI—Office of the U.S. Attorney, John W. Ross, Esq., Anderson, Brown, Gerbase, Cebull, Fulton, Chris Mangen, Jr., Esq., Darin W. Johnson, Esq., Crowley Haughey Hanson Toole & Dietrich, PLLP, Stephen H. Foster, Esq., Charles E. Hansberry, Esq., Holland & Hart, LLP, Mark T. Errebo, Esq., Law Office Of Mark T. Errebo, Esq., Gary G. Broeder, Esq., Broeder Law Office, Billings, MT, Ronald F. Waterman, Esq., Jon Metropoulos, Esq., Jon Metropoulos, Esq., Dana L. Hupp, Esq., Gough, Shanahan, Johnson & Waterman, Helena, MT, Phillip Wm. Lear, Esq., J. Matthew Snow, Esq., Stephanie Barber–Renteria, Esq., Lear & Lear LLP, Salt Lake City, UT, Robert C. Thomas, Esq., Edge Petroleum Corporation, Susan Brownlee Miller, Esq., Marathon Oil Company, Houston, TX, for Defendants–Appellees.

Before KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

MEMORANDUM **

A close examination of the facts and law as presented on appeal reveals that the true issue in this case concerns whether or not the 1994 Resource Management Plan/Environmental Impact Statement ("RMP/EIS") addressed coal bed methane ("CBM") production. The 1994 RMP/EIS specifically addressed the subject land, and it specifically addressed CBM production. The fact that Appellant's argument goes to the sufficiency of that RMP/EIS, and the leases granted pursuant thereto, cannot be avoided. And, as held by the district court, any challenge to the adequacy of the 1994 RMP/EIS is barred by the six-year statute of limitations.

Appellant did not object to that finding of the district court at the preliminary injunction stage of this litigation, and neither has Appellant appealed the statute of limitations issue here. Even had Appellant objected to the finding and properly appealed, the issue would be time-barred. *See Sierra Club v. Penfold*, 857 F.2d 1307, 1316 (9th Cir.1988).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

